## IN THE UNITED STATES DISTRICT COURT FOR THENORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| **NAEL SHALABI** | ) | |
| | ) | |
| **Individually, and on Behalf of All Others Similarly Situated,** | ) ) | **Case No. 1:16-cv-3964** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **PLAINTIFFS' CLASS AND** |
| **v.** | ) | **COLLECTIVE ACTION** |
| | ) | **COMPLAINT** |
| **PNC BANK, N.A and PNC FINACIAL SERVICES GROUP, INC.** | ) ) | **(JURY TRIAL DEMANDED)** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Nael Shalabi ("Shalabi" or "Plaintiff"), individually and on behalf of all others similarly situated, through his counsel brings claims as a Collective Action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and as a Class Action pursuant to Illinois's Minimum Wage Law ("IMWL"), 820 ILCS 105 §§ 1 *et seq.*, against Defendants PNC Bank, N.A., and PNC Financial Services Group, Inc. ("PNC" or "Defendants"), its subsidiaries and affiliates. Plaintiff further brings an individual claim against Defendants for an unpaid wages under the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115 §§ 1 *et seq.* Plaintiff's allegations are supported by his personal belief as to himself and his own acts, the investigation made by their counsel, and as for all other matters, upon information and belief. Plaintiff alleges as follows:

## INTRODUCTION

1.      Plaintiff and those he represents are all current and former Financial Consultants ("Consultants" or "Class Members") that worked for Defendants within the past three years.

Defendants paid Consultants an hourly rate and, if the putative members met certain targets, a commission labelled "Incentive Pay." Defendants also paid overtime to Plaintiff and Class Members when they worked more than 40 hours per week. Defendants, however, failed to properly include Consultants' commissions in their overtime calculation as required the FLSA and IMWL. Accordingly, Defendants failed to pay Plaintiff and Class Members the proper overtime rate and failed to pay them all overtime wages due.

## JURISDICTION AND VENUE

2.     Plaintiff brings this case as a nationwide collective action under the FLSA and as an Illinois class action under the IMWL.

3.     Plaintiff also brings individual claims for unpaid incentive pay under the IWPCA.

4.     This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction." Plaintiff has signed an opt-in consent form, which is attached hereto as Exhibit A.

5.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331, and supplemental jurisdiction over the IMWL and the IWPCA claims pursuant to 28 U.S.C. § 1367.

6.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because the Defendants reside in this District and do business within it. Additionally, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

7.     Nael Shalabi is a resident of Illinois who worked for Defendants as a Financial Consultant during the applicable statute of limitations period and was paid on an hourly basis.

8.      At all relevant times Plaintiff Nael Shalabi was employed by Defendants as an "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1), the IMWL, 820 ILCS 105/3(d), and the IWPCA, 820 ILCS 115/2.

9.      At all relevant times, Defendant PNC Bank, N.A. and subsidiaries has been a for-profit corporation organized under, and governed by, Illinois law, a citizen of Illinois, and has offices throughout this District.

10.     At all relevant times, Defendant PNC Financial Services Group, Inc. has been a for-profit corporation organized under, and governed by, Illinois law, a citizen of Illinois.

11.     At all relevant times, each Defendant was an "employer" as defined by the FLSA, 29 U.S.C. §203(d), the IMWL, 820 ILCS 115/2, and the IWPCA, 820 ILCS 115/2.

## FACTS

12.     Defendants managed Plaintiff's and collective members' work, including the amount of hours they worked.  Defendants dictated, controlled and ratified the wages, hours and all related employee compensation policies.

13.     Plaintiff and all collective members were classified by Defendants as non-exempt under the FLSA and the IMWL.

14.     As Consultants, Plaintiff and Class Members worked for Defendants selling financial products to customers throughout the statutory period.  Plaintiff and Class Members were paid an hourly rate plus a commission based on a sales quota, if they met their quarterly sales goals.

15.     Defendants violated federal and state wage laws in one common way.  Namely, Defendants failed to include commissions when calculating Plaintiff's and Class Members' overtime pay. As a result, Defendants failed to pay Plaintiff and Class Members all the overtime owed them.  29 C.F.R. § 778.117.

16.     At all relevant times, Plaintiff and Class Members have routinely worked over 40 hours per week without full overtime compensation.

17.     Defendants knew, and were aware at all times, of the above mentioned violations.

18.     The conduct alleged above reduced Defendants' labor and payroll costs.

19.     Finally, During Plaintiff's separation with Defendants, Defendants refused to pay him his full and final wages, including earned Incentive Pay.

## COLLECTIVE ACTION ALLEGATIONS OF THE
## FLSA CLASS OF FINANCIAL CONSULTANTS

20.     Plaintiff reasserts and re-alleges the allegations set forth in each of the paragraphs above.

21.     Plaintiff brings claims on his behalf and as a representative of all other similarly situated individuals pursuant to 29 U.S.C. §216(b) to recover unpaid overtime, liquidated damages, unlawfully withheld wages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed. (the "FLSA Collective"):

> All individuals who were employed, or are currently employed by one or more of the Defendants, as Financial Consultants, or any other similarly titled position, at any time during the relevant statute of limitations period who give their consent in writing to become party Plaintiffs. (hereinafter "the FLSA Collective Action").

22.     Plaintiff and other members of the FLSA Collective are similarly situated because they all have/had similar duties; performed similar tasks; were subjected to the same work policies, pay plans, and were not paid all overtime wages owed, as a result of Defendants' common scheme.

23.     Defendants have encouraged, permitted, and required Plaintiff and other members of the FLSA Collective to work more than 40 hours per week without proper overtime compensation.

24.     Defendants have known or should have known that Plaintiff and other members of the FLSA Collective have performed work that required overtime compensation. Nonetheless,

Defendants operated a scheme to deprive Plaintiff and the FLSA Collective of part of their overtime compensation. Defendants' conduct, as alleged herein, has been willful and has caused significant damage to Plaintiff and other members of the FLSA Collective; therefore the FLSA's three year statute of limitation applies.

## CLASS ACTION ALLEGATIONS

25.     The IMWL requires an employer to pay employees overtime of 1.5 their regular rate of pay.  820 ILCS 105/4(a).

26.     Defendants violated the IMWL failing to include Incentive Pay when calculating Plaintiff and Class Members' overtime rates and overtime pay owed.

27.     Section 105/12(a) provides that an employer who violates the provisions of the IMWL is liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of such underpayment and other appropriate relief.  820 ILCS 105/12(a).

28.     As a result of Defendants' common scheme, Defendants failed to pay Plaintiff and the Class Members the proper overtime rate and all overtime pay due.

29.     Accordingly, Plaintiff brings his claims for relief individually and as a class action pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure.  The IMWL class is defined as:

> All individuals who currently or formerly worked for Defendants as Financial Consultants, or any other similarly titled position, within Illinois during the three years immediately preceding the filing of the original complaint (hereinafter "the IMWL Class").

30.     This action is properly maintainable as a class action under Rules 23(a) and (b) because:

A.  The class is so numerous that joinder of all members is impracticable;

B.  There are questions of law or fact that are common to the class;

    C.  The claims or defenses of the Named Plaintiff is typical of the claims or defenses of the class; and,

    D.  The Named Plaintiff will fairly and adequately protect the interests of the class.

## Numerosity

31.    On information and belief, the total number of putative class members represents at least one hundred individuals. The exact number of class members may be determined from Defendants' payroll records.

## Commonality

32.    There are numerous and substantial questions of law and fact common to members of the IMWL class including, but not limited to, the following:

    A.  Whether Defendants paid Plaintiffs incentive pay;

    B.  Whether Defendants included Plaintiffs' incentive pay when calculating their regular rate of pay for purpose of properly calculating, and paying, the correct overtime rate;

    C.  Whether Plaintiffs worked overtime and were paid at a rate below their overtime rate;

    D.  Whether Defendants failed to pay Plaintiffs an overtime rate of 1.5 for every hour of work over 40 in a workweek;

    E.  Whether Defendants kept and maintained accurate records of the amount of time Plaintiffs worked;

    F.  Whether Defendants kept and maintained accurate records of the incentive pay they paid the Plaintiffs; and

    G.  Whether Defendants' violations were willful.

33.    Plaintiffs anticipate that Defendants will raise defenses that are common to the class.

34.    The damages suffered by the class members arise from the same nucleus of operative facts. Moreover, damages can be calculated by using a mathematical formula which applies to each class member.

## Adequacy

6

35.     The Named Plaintiff will fairly and adequately protect the interests of the class. He has retained experienced counsel that is competent in the prosecution of complex litigation and who have extensive experience acting as class counsel specifically for wage and hour litigation.

## Typicality

36.     The claims asserted by the Named Plaintiff are typical of the class members he seeks to represent.  The Named Plaintiff has the same interest and suffered from the same unlawful practices as the class members.

37.     Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer.  But if any such class member should become known, he or she can "opt out" of this action pursuant to Rule 23.

## Superiority

38.     A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that would arise if these claims were brought individually.  Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for Named Plaintiff and the class members to bring individual claims.  The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards

of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests.

## COUNT I

### UNPAID OVERTIME UNDER THE FLSA

39.     Plaintiff reasserts and re-alleges the allegations set forth in each of the paragraphs above.

40.     Plaintiff and other Consultants are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

41.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

42.     Pursuant to its common scheme, Defendants failed to include incentive pay when calculating Plaintiff and Class Members' overtime rates as required by the FLSA.  Accordingly Plaintiff and Class Members were not paid their proper overtime wages in violation of the FLSA.

43.     Through their actions, policies and practices, Defendants violated the FLSA by regularly and repeatedly failing to properly compensate the Plaintiff and other Class Members at the proper rate for all actual overtime worked.

44.     The foregoing actions of Defendants violated the FLSA.

45.     Defendants' actions were willful and not in good faith.

46.     As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff and the FLSA Collective members have suffered and will continue to suffer a loss of income and other damages.

47.     Defendants are liable to Plaintiff and other members of the FLSA Collective for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. §216(b), as well as reasonable attorneys' fees, costs and expenses.

48.     Plaintiff and the FLSA collective members are also entitled to injunctive relief to prevent Defendants from continuing their violations of the FLSA and other appropriate collective-wide injunctive relief.

## COUNT II

## UNPAID OVERTIME UNDER THE IMWL

49.     Plaintiff incorporates by reference all preceding paragraphs.

50.     Plaintiff is a member of a class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23.

51.     Section 105/4(a) of the IMWL requires employers to pay employees 1.5 times their regular rate for all hours worked over 40 per work week.  Section 105/12 of the IMWL provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments and other appropriate relief.

52.     Pursuant to its common scheme, Defendants failed to include incentive pay when calculating Plaintiff and Class Members' overtime rates as required by the IMWL.  820 ILCS 105/4a(1).  Accordingly Plaintiff and Class Members were not paid their proper overtime wages in violation of the IMWL.

53.     As a result of Defendants' violations of the IMWL, Plaintiff and the IMWL class have suffered and will continue to suffer a loss of income and other damages.

54.     As a result of Defendants' unlawful acts, they are liable to Plaintiff and other IMWL class members for actual damages, mandatory interest and equitable relief, as well as reasonable attorneys' fees, costs and expenses.

55.     Plaintiff is also entitled to injunctive relief to prevent Defendants from continuing its violation of the IMWL and other appropriate class-wide injunctive relief.

<strong><u>COUNT III</u></strong>

<strong>INDIVIDUAL IWPCA CLAIM<br>DEFENDANTS' FAILURE TO PAY PLAINTIFF FINAL COMPENSATION OWED</strong>

56.     Plaintiff reasserts and re-alleges the allegations set forth in each of the paragraphs above.

57.     Section 5 of the IWPCA states that an employer must pay an employee all final compensation at the time of separation or the next regularly scheduled payday.  820 ILCS 115/5.

58.     When Plaintiff's employment with Defendant ended he had already earned his incentive pay for the previous quarter, but Defendants never paid Plaintiff his last earned incentive pay as part of his final compensation due upon separation.

As a result, Plaintiff seeks the amount he was underpaid, 2% interest for each month from the date of the under payment until he finally receives his correct wages, costs, and reasonable attorneys' fees.  820 ILCS 115/5.

<strong><u>PRAYER FOR RELIEF</u></strong>

        WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, by and through his attorneys, Stephan Zouras, LLP demands judgment against Defendants, jointly and severally and in favor of Plaintiff and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiff and the putative members for the nature, extent and duration of their damages, the costs of this action and as follows:

10

A.    Certify a collective action under Count I and designate Plaintiff as representative of all those employees similarly situated;

B.    Order the Defendants to file with this Court and furnish to counsel a list of all names, telephone numbers, home addresses and email addresses of all Financial Consultants who have worked for the Defendants within the last three years;

C.    Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all Financial Consultants who have worked for the Defendants within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

D.    Certify a class action under Counts II;

E.    Appoint Stephan Zouras, LLP as counsel for the Plaintiffs under Rule 23(g);

F.    Declare and find that the Defendants committed one or more of the following acts:

    i.  Violated the overtime provisions of the FLSA and IMWL by failing to pay all overtime wages owed to Plaintiffs and putative Class Members; and

    ii. Willfully violated provisions of the FLSA.

G.    Award compensatory damages in the amount of one and one-half times Plaintiff's and similarly situated persons' regular rate of pay for all time they worked in excess of forty (40) hours per week under the FLSA;

H.    Award 2% per month interest on all overtime compensation due accruing from the date such amounts were due until it is paid under the IMWL;

I.    Award liquidated damages in an amount equal to the amount of unpaid overtime compensation found due under the FLSA;

J.    Award all costs and reasonable attorneys' fees incurred prosecuting this claim under the FLSA and IMWL;

K.    Granting judgment in favor of Plaintiff on his individual IWPCA claim;

L.    Grant leave to amend to add claims under applicable state and federal laws;

M.    Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

N.    For such further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial.

Dated: April 1, 2016                                     Respectfully Submitted,


                                                        *Ryan F. Stephan*
                                                        Ryan F. Stephan
                                                        Jorge A. Gamboa
                                                        STEPHAN ZOURAS, LLP
                                                        205 N. Michigan Avenue, Suite 2560
                                                        Chicago, Illinois 60601
                                                        (312) 233-1550
                                                        (312) 233-1560 (Fax)
                                                        rstephan@stepahnzouras.com


                                                        *Attorneys for Plaintiff and Class*